Maupin, J.,
concurring and dissenting:
The circumstances of this controversy appear unique. I would suggest that only a handful of judicial officers in this state have faced the problem that confronted Judge Varain on the night of the defendant’s arrest. The situation was further complicated by the ongoing dispute that existed between Judge Varain and the Mineral County District Attorney, Brian Kunzi.

The jail house visit

I agree that the visit to the jail and the release of the defendant do not warrant discipline. While the concern over the safety of the defendant was probably, in hindsight, exaggerated, I do not believe that Judge Varain should have been disciplined for checking on the inmate’s welfare.[1] Further, the release of the inmate, with the apparent agreement of the prosecution, did not undermine Judge Varain’s judicial office.

*1280
The rescheduled hearing

The negative dynamic between Judge Varain and Mr. Kunzi led, in my view, to a misunderstanding entertained by both over their respective motives. The letters exchanged on June 13 were both ill-advised and calculated to exacerbate the dispute, both parties, of course, being convinced of their respective moral imperatives. Based on the extent of discipline imposed, the commission evidently agrees.
The commission was faced with conflicting evidence in connection with the motives of the protagonists and, most pertinent to these proceedings, the actual intent of Judge Varain when he apparently overrode the disposition of the justice of the peace pro tempore, appointed to sit in his place. First, the letters exchanged with regard to the rescheduling of the hearings clearly indicate the district attorney felt that the judge was intentionally meddling in a matter from which he had disqualified himself. Second, they also confirm the judge’s feeling that his judicial prerogatives were under attack. In retrospect, neither was probably true. However, the commission also heard evidence that the letter of June 12, 1996, re-setting the matter, was accompanied by a transcript of the June 7 proceedings. That transcript unequivocally reflected the plea agreement and the fact that the justice of the peace pro tem-pore would be finally concluding the matter. With this evidence in place (threats by Judge Varain to take the justice of the peace pro tempore to the judicial discipline commission.[2] the ongoing feud between the judge and Mr. Kunzi, and Judge Varain’s attitude toward his clerk’s behavior), the commission could rightly have concluded that the re-scheduling of the hearing before yet another judge constituted improper interference with the process.[3] This finding is further supported by written confirmation provided to Judge Varain that the matter was to be resolved by Judge Freitag. Even after being advised of the negotiated settlement, Judge Varain’s refusal to vacate the continued hearing date effectively forced the parties to take the arrangement for approval before a second substitute justice of the peace.[4]
*1281 I therefore conclude that the allegations of improper conduct after Judge Varain formally recused himself are supported by substantial evidence. I would note, however, that mitigating circumstances exist upon which the commission could have declined action of any kind. Thus, while I agree that the issuance of a public reprimand may have been unwarranted, the discipline actually imposed seems to account for those mitigating circumstances. Therefore, given their leniency, the disciplinary measures imposed should not be overturned.

 There was strong evidence that Judge Varain also “demanded” transfer of the inmate. This was clearly inappropriate. In any case, Mr. Kunzi properly advised him in that regard.

 The defense attorney, Mr. Scott Freeman, testified to a statement by Judge Varain in that regard.

 I also note that Mr. Kunzi and Mr. Freeman disagree as to whether Judge Varain told Mr. Freeman that the defense should not accept any plea negotiation. Mr. Freeman testified that no such statement was made while Mr. Kunzi testified to his belief that such a conversation did, in fact, occur.

 Given that the agreement was to be enforced via a “counterplea,” no further action by any other judicial officer was necessary.
I would note parenthetically that the ultimate dismissal of the case when the second judge failed to appear for the continued hearing may have been the result of an overreaction by Mr. Kunzi, given that defense counsel apparently remained agreeable to the negotiations.